NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Lopez-Zamarripa,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan and Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-15-00128-PHX-DJH<br><br>**ORDER** |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents filed an Answer (Doc. 16). Subsequently, United States Magistrate Judge Bridget S. Bade issued a Report and Recommendation ("R&R") (Doc 20). Following a thorough and comprehensive analysis, Judge Bade recommended denial of the Petition. Petitioner filed timely objections to the R&R (Doc. 21). Respondents filed no objections. The Court now issues its ruling.

**I. R&R**

The R&R includes a detailed factual and procedural background. The Petitioner asserted only two grounds for relief in his Petition. Taking into account Petitioner's *pro se* status, however, and "liberally constru[ing] [his] Petition and memorandum[,]" Judge Bade "identifie[d] . . . eleven claims of ineffective assistance of counsel ("IAC")[.]" (Doc. 20 at 12:3-5). In the R&R, Judge Bade painstakingly analyzed each of those eleven claims, finding that eight of them were procedurally barred and that four of those eight also lacked merit. Then, as to the eight claims which she deemed procedurally

barred, Judge Bade analyzed whether Petitioner could establish a basis to overcome the procedural bar, and she found that he could not. As to the three IAC claims which were properly before the Court, Judge Bade found that, nonetheless, they lacked merit.

In light of the foregoing, Judge Bade found that Petitioner was not entitled to habeas corpus relief, and recommended denial of his Petition. Judge Bade further recommended denial of a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Petitioner did not make the requisite showing. (Doc. 20 at 41:11-15). Judge Bade also instructed the parties that they "had fourteen days from the date of service of a copy of [her] recommendation within which to file specific written objections with the Court." (*Id.* at 41:19-21) (citations omitted). Judge Bade was equally explicit in instructing the parties that "[f]ailure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation." (*Id.* at 42:1-4) (citing Fed. R. Civ. P. 72).

**II.  Petitioner's Objections**

Petitioner timely filed an objection to the R&R (Doc. 21). Preliminarily, Petitioner broadly states that "[c]ontrary to [Judge Bade's] assertions[,]" he did "sufficiently and fairly present[] the claims in his state post-conviction relief petition which are rife with constitutional deprivations and which show that the proceedings were fundamentally unfair and prejudicial in scope." (*Id.* at 2). In similarly broad language, the Petitioner concludes that his claims were "fairly and fully . . . presented to the State Courts and should not be ruled as being barred procedurally." (*Id.* at 18). Petitioner thus urges this Court not to adopt the R & R and to "look to the merits of [his] habeas petition." (*Id.*).

As to Petitioner's third IAC claim, that is, his trial counsel's failure to object to the jury instruction regarding molestation, Petitioner "objects to the [R & R's] conclusion that this claim lacks merit[.]" (Doc. 21 at 7). Plaintiff further "states that the record supports his contention that [this particular claim] was fairly presented to the Arizona Courts but they refused to entertain or address this issue." (*Id.*) In his ninth IAC claim,

Plaintiff asserted that his "trial counsel was ineffective for trial counsel was ineffective for failing to object to the prosecutor's misconduct of presenting as aggravating circumstances prior convictions that were not properly attributed to Petitioner." (Doc. 20 at 27:2-4) (citations omitted). Petitioner "objects to the finding that" this claim is "procedurally barred or precluded where the Arizona Court of Appeals accepted the Petition for review and chose not to address this matter[.]" (Doc. 21 at 10). Turning to claim ten, that Petitioner's "trial counsel was ineffective for failing to object to the judge, rather than a jury, finding the aggravating factors, including the prior convictions that the State erroneously alleged were attributed to Petitioner[,]" (Doc. 20 at 28:23-35) (citation omitted), Judge Bade found that this claim was "technically exhausted and procedurally barred[.]" (*Id.* at 29:17). Assigning "error" to this finding, Petitioner "states that it is clear that he has established a basis to overcome the procedural bar[.]"(Doc. 21 at 12). Further, if this Court agrees with Judge Bade and finds that seven of his claims are procedurally barred,[1] Petitioner states "all show and demonstrate cause[]" to overcome that procedural bar. (Doc. 21 at 12).

In the remainder of his objection, Petitioner essentially reiterates the arguments in his Petition, stating that he has fairly presented his claims to the Arizona state courts but they refused to address them. Furthermore, Petitioner apparently concurs with the R&R findings that he failed to raise certain claims in the state courts, but he nonetheless urges this Court to review them.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Actually, Judge Bade found that eight of Petitioner's claims (one, two, three, five, six, eight, nine, and ten) were all procedurally defaulted. (Doc. 20 at 30:2-3). Petitioner omits claim eight, so presumably he agrees that this claim is procedurally barred.

### III. Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does *not* on its face *require any review at all* . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct")[.]"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[,]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)), as Judge Bade advised the parties herein. (*See* Doc. 20 at 42:1-4) (citation omitted). Finally, "[a]lthough the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D.Ariz. 2014) (citing *See*, *e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D.Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'"); *Gutierrez v. Flannican*, 2006 WL 2816599 (D.Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th

Cir.1991); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.1996)).

### IV. Discussion

Petitioner did filed timely objections, but he did not object to any of the information included in the R&R's factual and procedural background section. Thus, consistent with 28 U.S.C. § 636(b)(1)(C), and the case law construing it, the Court is not reviewing that particular section at all. For a different reason, the Court finds that it has no independent obligation to engage in a *de novo* review of those portions of the R & R to which Petitioner did object. Petitioner has not triggered *de novo* review because, as is readily apparent, his objections lack the requisite specificity. Were this Court to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *See Warling*, 2013 WL 5276367, at *2 (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *See id*. (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D.Ariz. 2006)). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R & R. *See id*. at *2 (citing Thomas, 474 U.S. 149).

### V. Conclusion

**IT IS ORDERED** that Magistrate Judge Bade's Report and Recommendation (Doc. 20) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied because dismissal of many of Petitioner's claims is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable and

because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 19th day of October, 2016.

Honorable Diane J. Humetewa
United States District Judge